GEORGE A. HOWE, PROSECUTOR, v. THE BOARD OF EDU-CATION OF LANDIS TOWNSHIP SCHOOL DISTRICT ET AL.

Submitted December 1, 1904—Decided February 27, 1905.

1. Upon a *certiorari* to review a special district tax regularly ordered by the legal voters of a school district existing *de facto*, this court will not inquire into the legal existence of the school district as a political corporation.

2. The act of March 2d, 1904 (*Pamph. L., p.* 28), which declares that certain consolidated school districts then existing *de facto* should continue to exist as consolidated school districts, notwithstanding provisions to the contrary in the General School law of October 19th, 1903, is not unconstitutional, even though special and local, it being in effect an act merely for establishing school districts, and not an act for regulating and governing them, nor providing for the management and support of the free public schools therein.

3. The legislature may by special act create school districts, leaving their government and the maintenance and support of the public schools therein to be regulated by general laws enacted in that behalf.

4. The act of March 2d, 1904 (*Pamph. L., p.* 28), applies to districts whose consolidation was effectuated by vote of the legal voters of either one of the former districts thus combined.

On *certiorari*.

Before Justices FORT and PITNEY.

For the prosecutor, *Hampton & Filhian*.

For the defendants, *Henry S. Alvord*.

The opinion of the court was delivered by

PITNEY, J.  This writ of *certiorari* was sued out to review the proceedings of the annual meeting of the legal voters of Landis township school district, in the county of Cumberland (a consolidated school district, composed of the township of Landis and the borough of Vineland), held March 15th,

1904, and of certain resolutions adopted by the meeting direct-
ing moneys to be raised by special district tax for the support
and maintenance of the public schools.

Three of the four reasons assigned for reversal are grounded
upon the insistment that the township of Landis and the
borough of Vineland do not form a consolidated school dis-
trict. The fourth reason is that at the meeting in question
the voters did not, before proceeding to ballot for members
of the board of education, determine whether such board
should consist of three, five or nine members. The latter rea-
son was abandoned upon the argument and will therefore not
be considered by us.

The return to the writ sets forth the proceedings of the
meeting in question, and it is not suggested that any infirmity
appears therein upon the face of the return. Depositions have
been taken, however, from which, together with certain ad-
missions of the parties, the following facts appear: The bor-
ough of Vineland comprises a part of the territory of the
township of Landis. The present school district of the town-
ship, being the district in and for which the meeting under
review was held, was originally formed in the month of July,
1894, by a consolidation of the borough district with the
township school district, pursuant to section 24 of the supple-
ment of May 25th, 1894, of the School law of 1874. *Pamph.
L., p.* 506; *Gen. Stat., pp* 3055, 3061, *pl.* 257. This supple-
ment took effect July 1st, 1894, and by its twenty-fourth sec-
tion declared that each city, borough and incorporated town
should be a school district separate and distinct from the
township school district, with a proviso that whenever any
borough should desire to consolidate with the township and
form a single school district such consolidation should take
effect upon being approved by a majority of the legal voters
of the borough district, a certificate thereof being filed with
the county superintendent of schools. The consolidated dis-
trict thus formed has continued in existence without inter-
ruption, as a matter of fact, from its formation, in 1894, until
the present time.

The revised General School law, passed by the second special

session of the legislature of 1903, was approved October 19th, in that year, and took effect immediately, except with respect to certain matters not now pertinent. By section 32 of this act (*Pamph. L.* 1903, *Special Session, p.* 14) each township, city, incorporated town and borough was made a separate school district. This section operated *de jure* to separate the district in question into two districts. By section 103 of the same act (*Pamph. L.* 1903, *Special Session, p.* 40) provision was made for consolidation of adjoining township and borough school districts, to be authorized by a majority vote of the legal voters of each of the separate districts at special meetings to be held for the purpose. Pursuant to this provision steps were taken towards holding elections in the borough of Vineland and the township of Landis, on February 23d, 1904, for the purpose of authorizing consolidation. But the order for the special election was revoked before it was executed, and the election was not in fact duly held.

Meanwhile the consolidated district was maintained and governed as before, and continuously existed *de facto* as a consolidated district.

In this juncture the legislature of 1904 enacted a supplement to the School law of October 19th, 1903, which was approved March 2d, 1904, and took effect immediately. *Pamph. L., p.* 28. By this supplement it was declared that whenever any township, incorporated town or borough school district had theretofore been consolidated with an adjoining township, incorporated town or borough school district by an election of the legal voters of said township, incorporated town or borough school districts, so that at the time of the passage of the act of October 19th, 1903, the same formed one combined or consolidated school district, and the legal voters of said district had not since said time rejected a proposition to confirm or continue such consolidation at an election called for that purpose, and said district had been since the passage of said act maintained and governed as one consolidated school district, such district should thereafter continue to exist as a single consolidated school district in the same manner as though the said act had not been passed, and

in the same manner as though said consolidated school district had been erected by an election of the legal voters of said district held in pursuance of section 103 of said act.

The whole of the argument made for the prosecutor in attacking the proceedings of the school meeting of the consolidated district held March 15th, 1904, may be summed up as follows: That the consolidated district was abolished by the mere force of section 32 of the act of October 19th, 1903; that this section *ipso facto* created two new districts in place of the former one; that these two new districts have never been reunited by any election held under the provisions of section 103 of the same act; and that the act of March 2d, 1904, had not the effect of reuniting them—*first,* because this act is unconstitutional; and *secondly,* because, if constitutional, it does not by its terms apply to the districts in question. As a result of this reasoning it is insisted that at the time of the school meeting in question the consolidated school district had no legal existence, and that the taxes levied by the meeting are therefore void. At the same time it is abundantly evident, and, indeed, is conceded in the brief of counsel for the prosecutor, that since the passage of the act of October 19th, 1903, as well as before, the consolidated school district has in fact been maintained and governed as a consolidated district.

Manifestly, the proposition is that the court shall interfere to relieve a private taxpayer from taxes levied in due form of law by a political corporation existing *de facto,* on the ground that such corporation has no legal existence. But the sole appropriate method of overthrowing a political corporation that exists in fact, without warrant of law, is by *quo warranto,* at the instance of the attorney-general, as representative of the sovereignty of the state, and this court has repeatedly decided that it will not, on a *certiorari* to set aside a tax levy, inquire into the legal existence of the corporation. *State* v. *Van Winkle,* 1 *Dutcher* 73; *State* v. *Donahay,* 1 *Vroom* 404. Upon the same ground proceeded the decision in *State, Winsor, pros.,* v. *Brown et al.,* 2 *Id.* 355. So, also, it

is established by a long line of decisions in this court that even a *quo warranto* will not be allowed to a private relator to contest the title of individuals to public office where the attack is based upon the ground that the public corporation in which they hold office has no legal existence. *Holloway* v. *Dickinson,* 40 *Id.* 72, and cases cited.

But if we are wrong in the view that the above considerations debar the prosecutor from challenging the legal existence of the consolidated school district, we further think that the attack he makes is not well founded, since in our view the district in question is within the descriptive terms of the act of March 2d, 1904, and that act is not unconstitutional.

The consolidation of the Vineland borough school district with the Landis township school district in 1894 was effectuated by an election of the legal voters of the borough, and this mode of consolidation is precisely such as is contemplated in the descriptive clauses of the act of March 2d, 1904. The argument for the prosecutor is that those descriptive clauses refer only to a consolidation effectuated by a vote of the voters of each of the districts that were consolidated. We think, however, this argument proceeds upon a misinterpretation of the language of the act of 1904. It refers to all consolidations "by an election of the legal voters of said township, incorporated town *or* borough school districts." The plain effect of the disjunctive is to extend the force of the reference so as to include elections held either by the voters of the township or by the voters of the incorporated town or by the voters of the borough. The word "districts" is used in the plural in order to avoid repetition of the noun in the singular. The thought would be fully expressed as follows: "By an election of the legal voters of said township school district, or of said incorporated town school district, or of said borough school district."

The argument that the act of March 2d, 1904, is unconstitutional is based upon the insistment that it is a "local or special law providing for the management and support of free public schools," and therefore prohibited by article 4, section 7,

paragraph 11 of the constitution, as amended in 1875. That it is a local and special act may be conceded, in view of the fact that it sets apart a group of school districts distinguished from other school districts by particular characteristics existing at the time of the enactment. But the act contains no provisions for the management and support of the schools in the districts thus set apart. It is in effect an act for *establishing* school districts, and not an act for *regulating* them. With respect to this provision of the constitution, school districts stand upon a parity with municipal corporations, concerning which this court has already decided that their creation and establishment by special act is not prohibited by the constitution, so long as their regulation and government are left to general laws. This question, after remaining for some time undetermined (*Pell* v. *Newark,* 11 *Vroom* 71, 77; *S. C., in error, Id.* 550, 553, 555; *Long Branch* v. *Sloan,* 20 *Id.* 356, 362; *Dempsey* v. *Newark,* 24 *Id.* 4, 11; *State* v. *Borough of Clayton, Id.* 277, 279; *Lakewood* v. *Brick,* 26 *Id.* 275, 277; *Glen Ridge* v. *Stout,* 29 *Id.* 598), was settled, so far as this court is concerned, by *Miller* v. *Greenwalt,* 35 *Id.* 197. See, also, *Van Cleve* v. *Passaic Valley Sewerage Commissioners,* 42 *Id.* 185, 193, and *Riccio* v. *Hoboken,* 40 *Vroom* 649, 662, in which latter case it was declared by the Court of Errors and Appeals: "We are not prepared to say that the legislature may not by special act create a school district, just as they create new municipalities, by the delimitation of a specified portion of the area of the state for that purpose."

The act of 1904 simply establishes certain consolidated school districts (including the one in question), so that they shall thereafter continue to exist as consolidated school districts, leaving their government and management, and the maintenance and support of the public schools therein, to be regulated according to general laws enacted in that behalf. The statute, in our opinion, is therefore clearly constitutional.

The writ of *certiorari* will be dismissed, with costs.